# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| ROSALYN L. CAFFEY, | ) | |
|---|---|---|
| Plaintiff/Appellant, | ) | |
| v. | ) | No. 3:17-cv-1129 |
| HENRY E. HILDEBRAND III, | ) | Chief Judge Crenshaw |
| Defendant/Appellee. | ) | |

## ORDER

Pending before the Court is a Second Joint Motion to Dismiss Appeal (Doc. No. 13). The first time around, Henry Hildebrand, III, the Chapter 13 Trustee, and Nationstar Mortgage, LLC, the holder of a lien on property owned by Rosalyn L. Caffey, sought dismissal under Local Rule 81.01, which provides for dismissal when an appellant fails to comply with Bankruptcy Rule 8009(a)(1). Caffey failed to comply with Rule 8009 by neglecting to file a Statement of Issues within fourteen days of the Notice of Appeal, and consequently her appeal was subject to dismissal at that time. Nevertheless, and while she subsequently filed such a statement, she did not file her appellate brief by October 9, 2017, as required by the Briefing Notice (Doc. 12) issued by the Clerk of this Court. That failure prompted the present Motion. To date, Caffey has not file her appellate brief.

Caffey's failure to comply with the briefing notice can hardly be characterized as a simple mistake or oversight because she (1) has repeatedly ignored Orders and deadlines in other cases in this Court, and (2) was found to have litigated in bad faith in the Bankruptcy Court. With regard to the former, this is at least the fourth time that Caffey has failed to comply with this Court's Local Rules and the Bankruptcy Rules. In Caffey v. Hildebrand, 3:17-cv-00175, Caffey v. Hildebrand, 3:17-cv-00262, and Caffey v. Hildebrand, 3:17-cv-698, she failed to timely designate the record

1

and/or file a statement of issues as required by Bankruptcy Rule 8009.  With regard to the latter, Bankruptcy Judge Charles M. Walker entered an Order on July 6, 2017 that, not only dismissed Caffey's third Chapter 13 bankruptcy case, but also barred her from future filings in the Bankruptcy Court because her persistent prosecution of a plan in violation of the Bankruptcy Code constituted bad faith. (Doc. No. 7-1).

Caffey's failure to comply with rules and procedures is part of a pattern that cannot be excused or ignored.  While the Court will not bar her from future filings at this time, the Court finds dismissal of this action appropriate because she has twice ignored deadlines in this case.

Accordingly, the Second Joint Motion to Dismiss Appeal (Doc. No. 13) is **GRANTED** and this case is hereby **DISMISSED**.  The Clerk of the Court shall **TERM** the remaining pending Motions (Doc. Nos. 2 & 7), and shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE